### BARKER v. MOORE & McCORMACK CO., Inc.

District Court, S. D. New York. September 12, 1929.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Earl Appleman, of New York City, of counsel), for libelant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (R. H. Hupper and Wm. J. Dean, both of New York City, of counsel), for respondent.

COLEMAN, District Judge. It is undisputed that there is an unpaid balance of the hire provided by the charter party and the only question is whether, under the breakdown clause, respondent is entitled to an allowance and offset. While under charter, the vessel left Copenhagen on January 8, 1927, bound for Boston, and on January 30th, when about 1,200 miles from her destination, she was compelled to deviate from her course and go to the Azores because of a lack of bunker coal. After refueling at the Azores, she was able to proceed only as far as Bermuda before her bunkers were again depleted. Replenishing her supply, she finally reached Norfolk, where she was surrendered.

Respondent claims that it is entitled to an off-hire allowance for the time consumed in the deviation and the refueling, and is also entitled to an offset for the port charges and the coal consumed in the deviation. The depletion of her bunkers in both instances was due to a combination of two causes: (1) The coal was of extremely poor quality; and (2) the weather was unusually stormy and adverse. I believe that neither of these causes alone would have been sufficient to have caused the depletion and consequent deviation. Under the charter party it was the duty of respondent to supply the bunker coal, and it had in fact arranged for the refueling at Copenhagen with the coal which subsequently proved inadequate. The quantity taken on board would have been ample for the purposes of the voyage had its quality been reasonably good.

The breakdown clause reads as follows: "15. That in the event of the loss of time from deficiency of men or stores, fire, breakdown or damages to hull, machinery or equipment, grounding, detention by average accidents to ship or cargo, dry-docking for the purpose of examination or painting bottom, or by any other cause preventing the full working of the vessel, the payment of hire shall cease for the time thereby lost; and if upon the voyage the speed be reduced by defect in or breakdown of any part of her hull, machinery or equipment, the time so lost, and the cost of any extra coal consumed in consequence thereof, and all extra expenses shall be deducted from the hire."

The respondent claims a "detention by average accident to ship * * * preventing the full working of the vessel." I do not believe the combination of bad coal and bad weather was an "accident to the ship," nor

that it justifies an off-hire period, in the face of the fact that it was the charterer's duty to supply the coal.

Decree for libelant.